(Franklin County Common Pleas.)

THE COLUMBUS CENTRAL RAILWAY COMPANY v. WILKIN.

---

(1). An order of the court, made at a former term, whereby the plaintiff is ordered to give security for costs of suit, by depositing a fixed sum of money by a day named, and in case of default the action is to stand dismissed, is not a judgment but an order (sec. 5310), and failure to make the deposit within the time, does not terminate the action.

(2). Whether, in such case, plaintiff has defaulted, must be judicially determined, before final judgment can be rendered.

(3). Such order did not deprive plaintiff of the right to secure the costs by procuring a qualified surety to indorse the summons, or sign his name on the petition, as surety for costs, and if this were done within the time limited in the entry for making the deposit, it was a substantial compliance with the order.

---

EVANS, J.

This court, at its January term, 1900, to-wit: March 20th, upon motion of defendant, required plaintiff, an insolvent corporation, to give security for costs, on or before the first day of the present term, to-wit, April 9th. Plaintiff elected to deposit money, and thereupon the court ordered that plaintiff within the time above mentioned, deposit with the clerk the sum of $100, "and in default thereof, that this case stand dismissed." The deposit has not been made, and defendant now insist that this action has been dismissed and is no longer pending, by reason of said entry made at the last former term of this court. The plaintiff is here ready and willing to secure the costs, but the question first to be determined is whether the action is pending. If said order is a final judgment, the case is out of court.

The order is not a final judgment, for the reason that it is conditional. By its terms the action is to stand dismissed if plaintiff does not, within the time limited, deposit $100.00 with the clerk.

It appears that plaintiff attempted to comply with the order within the time limited, and provided a person to sign an instrument binding him as surety for costs, but this instrument has not been approved by the clerk for some reason not known to the court. Possibly for the reason that by the terms of the order the plaintiff was directed to deposit with the clerk the sum of $100; and defendant's counsel insist that plaintiff, under the order, could secure the costs only in the manner therein directed. Section 5340, Revised Statutes, provides two modes of securing the costs. By one of these modes the surety may indorse the summons, or sign his name on the petition, as surety for costs, or the plaintiff may deposit with the clerk such sum of money, as security for costs as in the opinion of the clerk, will be sufficient for the purpose. The order to deposit a sum of money, the amount whereof is fixed by the court, or the clerk, does not deprive plaintiff of the right to have a surety endorse his name on the summons, or petition, as surety for costs. The object of the order is to fix the amount, of money to be deposited, if the costs are secured by that mode, and is not to exclude the plaintiff

of the right to secure the costs by either mode.

If the plaintiff procured a qualified person to endorse the summons or petition as surety for costs, he should have been approved by the clerk. This would have been a substantial compliance with the order to secure the costs.

A judgment is the final determination of the rights of the parties in action, and a direction of the court, or judge, made or entered in writing and not included in a judgment, is an order. Revised Statutes, section 5310. A judgment must be definitive. It is the certain and final conclusion of the court upon ascertained premises, and must therefore be unconditional. An application for a judgment is always necessary in case of default, and as a condition precedent to the judgment the court must judicially determine that a party is in default.

By the terms of said entry of March 20th, the court ordered that plaintiff, within the time named, deposit with the clerk the sum of $100, and in default thereof, that this case stand dismissed. Is the plaintiff in default? A substantial compliance with the order is all that was necessary. If the plaintiff substantially complied with the order by procuring a proper surety to indorse as surety for costs, and nothing remained to be done except the approval of such surety by the clerk, the action ought not to be dismissed on the ground that the order was not literally complied with by making a deposit in money.

Under our code, there is no distinction between a judgment and a final judgment, for "a judgment is the final determination of the rights of the parties in action" (sec. 5310). The said entry is not a judgment, but an order, and noncompliance therewith may be the predicate of a judgment, or the court may open the default and order de novo.